972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Michael IRK, Plaintiff-Appellant,
v.
Morgan D. HARRIS, et al., Defendants-Appellees.
 No. 91-15757.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Michael Irk appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. The district court dismissed Irk's action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Irk contends that he was deprived of due process and equal protection because the public defenders who represented him prior to trial and on appeal provided ineffective assistance and conspired with the prosecutor and judge to secure his conviction.[1] These contentions lack merit.
 
 
 4
 A public defender "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" does not act under color of a state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Nevertheless, a public defender who conspires with state officials does act under color of state law and may be liable under section 1983. Tower v. Glover, 467 U.S. 914, 923 (1984). Although pro se civil rights complaints are to be construed liberally, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 5
 Here, Irk makes only vague allegations that public defenders conspired to secure his conviction. These allegations are insufficient to state a claim upon which relief could be granted. Accordingly, the district court properly dismissed Irk's action. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The appellees' motion to file a late brief is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Irk represented himself at trial pursuant to his motion to remove defendant Smith as trial counsel of record